Filed 10/29/24  P. v. Soto CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN ALVAREZ SOTO,<br><br>    Defendant and Appellant. | H051660<br>(Monterey County<br>Super. Ct. No. 17CR001640) |

**THE COURT[1]**

Defendant Juan Alvarez Soto appeals an order denying his petition for resentencing under Penal Code section 1172.6, pursuant to which a person convicted of felony murder, murder, or manslaughter under the natural and probable consequences doctrine may seek to have his conviction vacated in specified circumstances.[2]

On appeal, Soto's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Soto filed a supplemental letter brief on his own behalf.  Having reviewed Soto's letter brief, we conclude he has failed to raise an arguable issue on appeal, and we therefore affirm the order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Soto pleaded no contest to two felony violations of section 192, subdivision (a), voluntary manslaughter (Counts 3 and 4).  Soto also admitted enhancements as to count 3, based on allegations that the offense was committed for the

---

[1] Before Wilson, J., Bamattre-Manoukian, Acting P. J., and Danner, J.
[2] Undesignated statutory references are to the Penal Code.

benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), and with the use of a firearm (§ 12022.5, subd. (a).) Soto indicated, and the trial court found, that the preliminary hearing transcript provided the factual basis for his plea. Pursuant to the terms of the plea agreement, the trial court sentenced Soto to a total of 33 years, dismissing the remaining counts and enhancements.

On October 11, 2022, Soto submitted a letter to the trial court, in which he raised "questions and concerns regarding the 1170(d) and new 1170.03 recall for resentencing," stated that he had "sent a petition/motion for sentence modification for SB 1437 / SB 775," and "request[ed] the petition for the recall of resentence."[3] The trial court appointed counsel for Soto and set a hearing for reconsideration of Soto's sentence. The People filed a response to Soto's petition, in which they conceded the prima facie case and requested that the court set an evidentiary hearing pursuant to section 1172.6.[4]

---

[3] "Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) 'to amend the felony murder rule and the natural and probable consequences doctrine ... to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Porter* (2022) 73 Cal.App.5th 644, 649 (*Porter*).) Senate Bill No. 775 (2021–2022 Reg. Sess.; Stats. 2021, ch. 551) subsequently clarified that the relief afforded by these amendments is also available to people convicted of manslaughter under a theory of felony murder, by making additional amendments to what is now section 1172.6. (*Porter, supra,* at pp. 651–652.)

[4] "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' " (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*), quoting § 1172.6, subd. (c); citing *People v. Lewis* (2021) 11 Cal.5th 952.) "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong, supra,* at p. 708, citing § 1172.6, subd. (c); *Lewis, supra*, at pp. 970–972.) "If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause.' " (*Strong, supra*, at p. 708, quoting § 1172.6, subd. (c).) The court must then hold an evidentiary hearing "at which the prosecution bears the burden of proving, (continued)

The People submitted a brief in advance of the evidentiary hearing, in which they recited the facts of the case, identified witnesses and exhibits to be presented, and made various motions in limine. The evidentiary hearing was then held on September 15 and October 20, 2023, at which numerous witnesses testified for both the People and Soto.

Following the hearing, the People submitted a brief in which they argued that "[t]he evidence before the court, including the record of conviction, shows that [Soto] could 'presently be convicted' of murder beyond a reasonable doubt. [Citation.] In this instance, [Soto's] actions in the charged shooting betrays express malice and implied malice. [Citation.]"

Soto submitted a brief as well, in which he argued that the People had failed to prove beyond a reasonable doubt that he was ineligible for resentencing. There was no evidence, he argued, except generalized gang evidence, to show what his intentions and motivations were, and therefore nothing to establish that he acted with the requisite malice.

On December 8, 2023, the trial court denied Soto's petition. The court found that Soto was the driver of a vehicle that dropped off and picked up another individual who shot and killed two people in a gang-related incident. Further, the evidence showed that Soto "was actually part of planning and participating, aiding and abetting the shooter in this event," and that Soto "knew what the shooter was going to do [and] had the same intention as the shooter," which was "to go and shoot the [Norteños] who were intruding into the Sureño territory…." Accordingly, the court found that Soto "can be held

'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder,' under state law as amended by Senate Bill 1437. (§ 1172.6, subd. (d)(3).) 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges. [Citation.]' " (*Strong, supra,* 13 Cal.5th at p. 709.)

responsible as an aider and abettor, or under the theory of implied malice murder," and further found beyond a reasonable doubt that he could be convicted under the current law.

Soto filed a timely notice of appeal.

On appeal, counsel filed an opening brief pursuant to *Delgadillo, supra*, 14 Cal.5th at pages 231–232. We notified Soto that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id.* at p. 232.) Soto timely filed a supplemental letter.

## II. DISCUSSION

In his supplemental letter, Soto states that he did not "plea to a stipulation of malice aforethought." He argues that, while the record clearly shows he was the driver of the vehicle, there is nothing but circumstantial evidence showing he had intent or knowledge of the shooter's intentions.

The letter fails to raise an arguable issue on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

The trial court here held an evidentiary hearing where numerous witnesses testified, and evidence of the crime was admitted. Before reaching its decision, the trial court provided a detailed and thorough statement setting forth the relevant evidence presented by the People and Soto. Based on this evidence, the court found beyond a reasonable doubt that Soto can be held responsible as an aider and abettor under the current law of implied malice.

" 'Among the factors which may be considered in making the determination of aiding and abetting are: presence at the scene of the crime, companionship, and conduct before and after the offense.' " (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1054, quoting *In re Lynette G.* (1976) 54 Cal.App.3d 1087, 1094–1095.) "[T]he test is whether the

4

accused in any way, directly or indirectly, aided the perpetrator by acts or encouraged him by words or gestures." (*People v. Villa* (1957) 156 Cal.App.2d 128, 134.) "Evidence of a defendant's state of mind is almost inevitably circumstantial, but circumstantial evidence is as sufficient as direct evidence to support a conviction." (*People v. Bloom* (1989) 48 Cal.3d 1194, 1208; see also, *People v. Smith* (1998) 64 Cal.App.4th 1458, 1469 [intent is generally proved by the act and surrounding circumstances].)

On appeal, we must defer to the trial court's factfinding, and we review the trial court's findings for substantial evidence. (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 591 (*Mitchell*).) Soto fails to explain why the trial court's findings were erroneous or why we should not defer to those findings. Nor does Soto suggest another valid basis for this court to question whether substantial evidence supports the trial court's findings.

On appeal, we are required to accept factual inferences supported by substantial evidence made by the trial court and to presume that the facts support the judgment. (*Mitchell, supra,* 81 Cal.App.5th at p. 591.) We must also presume that the court's judgment was correct, and it is the appellant's burden to affirmatively demonstrate error. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) Because Soto has failed to raise an arguable issue in his supplemental letter, we must affirm the trial court's order. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503–504.)

## III.  DISPOSITION

The order denying the section 1172.6 petition is affirmed.